## D. C. PIERCE v. THE HOME INSURANCE COMPANY OF NEW YORK.

INSURANCE — *Mistake in Policy* — *Liability* — *Action on Notes, Maintained.* An applicant for insurance and an insurance company entered into an agreement for the insurance against fire and lightning of several articles of property. The application for the insurance was drawn up by an agent of the company and signed by the applicant; but through a mutual mistake of the parties, some of the articles to be insured were omitted. The applicant gave two promissory notes to pay for the insurance; but through a like mistake, the amounts of the notes were made sufficient only to pay for the insurance of the articles actually included in the application, and not sufficient to pay for the insurance of all the articles. Afterward an insurance policy was issued in exact accordance with the terms of the application, and several weeks thereafter it was tendered to the applicant, who refused to receive the same upon the ground that the aforesaid omitted articles were omitted from the policy. The agent offered to issue a new and separate policy for those omitted articles, or to insert them in the policy already issued; but the applicant refused, and the agent retained the policy. The applicant, however, never demanded or asked for a return of his notes or for a rescission of the contract. Afterward the notes became due and the insurance company sued the applicant thereon. *Held,* That the action may be maintained.

### *Error from Clay District Court.*

THE facts are fully stated in the opinion. Judgment for the plaintiff *Company* at the September term, 1888. Defendant *Pierce* brings the case here.

*C. M. Anthony,* for plaintiff in error.
*F. B. Dawes,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Clay county by the Home Insurance Company of New York against D. C. Pierce, on two promissory notes, each for $49. The case was tried before the court without a jury, and the court found in favor of the plaintiff and against the defendant, and rendered judgment accordingly; and the

defendant, as plaintiff in error, brings the case to this court for review.

The facts of the case appear to be substantially as follows: On July 1, 1886, the defendant Pierce agreed with an agent of the insurance company that various articles of personal property and real estate should be insured against loss by reason of cyclones, winds, and tornadoes, and that the same property, and also a wind-mill, pump, grinder, and fixtures thereto, should be insured against loss by reason of fire and lightning. They also agreed upon a rate as to the cost of the insurance, and that such costs should be included in two promissory notes. They attempted to draw up the papers in accordance with this agreement, but in some particulars they failed, as hereafter stated. Two applications for the insurance were drawn up by the agent of the company for the defendant to sign. One was for the said insurance against loss by reason of cyclones, winds, and tornadoes, and the other was for the insurance against loss by reason of fire and lightning.

The first one was drawn strictly in accordance with the agreement, but the other, through a mutual mistake of the parties, did not include the aforesaid wind-mill, pump, grinder, and fixtures. It was perfectly right in all other respects. The wind-mill, pump, grinder and fixtures were valued at $200. The notes sued on were given for the insurance of the aforesaid property. They were intended to be given for the insurance of all the property, but in fact they were given for an amount which the value of the property actually included in the foregoing applications would require, and not for what the whole of the property would require. They were therefore given for too small an amount. They were in fact given as though this omitted property had not been intended to be insured at all. This mistake arose from the former mistake of the parties in not including the wind-mill, pump, grinder and fixtures in the application for the insurance against fire and lightning. Both the applications were properly signed by the defendant and became in form his applications for insurance, and they were then sent to the insurance company,

37 — 45 KAS.

which issued to him insurance policies thereon precisely in accordance with the terms of the applications. These policies were then sent by the insurance company to their agent at Clay Center. Afterward such agent tendered these policies to the defendant, but he refused to accept them upon the ground of the aforesaid omission of the wind-mill, pump, grinder and fixtures from the fire and lightning insurance policy. The agent told him that another and a separate policy for this omitted property could be issued, or that the property could be inserted in the policy already issued; but the defendant still refused to accept either of the policies, or to adjust the difficulty in any other manner, and the agent retained the policies. This refusal on the part of the defendant to accept the policies or to adjust the difficulties, was several weeks after the applications and notes were signed and executed by the defendant. Afterward the notes became due, and the insurance company commenced this present action thereon with the result aforesaid. It is also admitted as facts in the case, that the defendant never demanded or asked for a return of his notes, or for a rescission of the contract.

Of course the parties might, when they discovered the irregularities in the aforesaid application for insurance, and in the insurance policy, and in the promissory notes, have waived such irregularities, and by such waiver have made all the instruments as executed valid and binding. Or they might have rectified the mistakes made in the instruments either by making new ones or correcting the old ones. The insurance company was willing to waive all irregularities or to correct the former mistakes by issuing a new policy or by correcting the old one; but the defendant objected, and nothing was done. Probably, also, either party had a right to have the notes, application and policy reformed in equity so as to make them correspond precisely with the original agreement. Certainly the defendant had such a right. In 11 American and English Encyc. of Law, 346, the following language is used:

"A policy which does not conform to the agreement of the parties, whether by fraud or mistake, may be reformed in

equity, and damages for a loss decreed in the same case. But such non-conformance must be conclusively proved, and the mistake must be either mutual or made by one by reason of the fraud of the other."

In Wood on Fire Insurance, (§479,) the following language is used :

"Where the terms of the contract are plain and distinct, and the actual intention of the insurer and insured is not doubtful, a policy issued either by fraud or mistake, that does not comply with the terms of the order therefor or embody the real intention of the parties thereto, may be reformed in equity, or in those states where the court is permitted to exercise the functions of a court of law and equity, *instanter*, upon trial."

In the present case, the defendant had the benefit of the insurance of all his property which he desired to have insured, including the omitted property, for several weeks before the mistake was discovered; and therefore could have recovered for any loss from fire or lightning which might have occurred during those several weeks. And as he never asked to have the contract rescinded, and as it never was in fact rescinded, he really continued to have the benefit of such insurance, and could have recovered for any such loss which might have occurred at any time either before or after the discovery of the mistake. Before any loss occurred he could, by a suit in equity, have had the policy reformed so as to make it include the omitted property; and after loss, if any had occurred, he could, according to the authorities above cited, have had the policy reformed, if it needed any reformation, and have recovered for his loss in the same action. If these views are correct, and we think they are, then it follows that the notes were not given without consideration, that no failure of consideration existed in the case, and that the plaintiff had the right to recover on the notes as the court below found.

The judgment of the court below will therefore be affirmed.

All the Justices concurring.